**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **PHL VARIABLE INSURANCE COMPANY,** <br> **Plaintiff,** <br> **v.** <br> **ALAN WOLLMAN INSURANCE TRUST, ALAN WOLLMAN AND FAMILY, DECEMBER 2005, and its trustee, WILMINGTON TRUST COMPANY, and ALAN P. WOLLMAN IRREVOCABLE LIFE INSURANCE TRUST, and its trustee, JEFFREY M. BOYER,** <br> **Defendants.** | ) | **C.A. NO.:** |

**PLAINTIFF'S COMPLAINT**
**FOR DECLARATORY JUDGMENT**

PHL Variable Insurance Company ("Phoenix"), by and through its attorneys, files this Complaint against Alan Wollman Insurance Trust, Alan Wollman and Family, December 2005 (the "2006 Trust"), Wilmington Trust Company (the "2006 Trustee"), Alan P. Wollman Irrevocable Life Insurance Trust (the "2007 Trust") and Jeffrey M. Boyer ("2007 Trustee") as follows:

## THE PARTIES

1. PHL Variable Insurance Company is a Connecticut insurance company authorized to transact the business of insurance in Delaware. Phoenix is a citizen of Connecticut within the meaning and intent of 28 U.S.C. § 1332.

2. The 2006 Trust is a statutory trust organized under the laws of

Delaware and is a citizen of Delaware within the meaning and intent of 28 U.S.C. § 1332. The 2006 Trust may be served through its trustee, Wilmington Trust Company, Corporate Trust Administration, 1100 North Market Street, Wilmington, Delaware 19890-0001.

3. The 2006 Trustee is a corporation organized under the laws of Delaware and is a citizen of Delaware within the meaning and intent of 28 U.S.C. § 1332. The 2006 Trustee may be served through its registered agent, Wilmington Trust Company, at 1100 North Market Street, Wilmington, Delaware 19890-0001.

4. The 2007 Trust is a trust which may be served through its trustee, Jeffrey M. Boyer, Esq., at his residence, 101 S. Spring Valley Road, Unit 1, Wilmington, Delaware 19807-2429 or at his principal place of business, 42 Reads Way, Suite 112, New Castle, Delaware 19720. The 2007 Trust is a citizen of Delaware within the meaning and intent of 28 U.S.C. § 1332.

5. The 2007 Trustee is an individual resident of Delaware and is a citizen of Delaware within the meaning and intent of 28 U.S.C. § 1332. The 2007 Trustee may be served at his residence, 101 S. Spring Valley Road, Unit 1, Wilmington, Delaware 19807-2429 or at his principal place of business, 42 Reads Way, Suite 112, New Castle, Delaware 19720.

**JURISDICTION AND VENUE**

6. This suit presents a case of actual controversy within the diversity jurisdiction of this Court.

7. Phoenix is a citizen of the State of Connecticut.

8. The 2006 Trust is a citizen of the State of Delaware and is subject to the jurisdiction of the Court. The 2006 Trustee is a citizen of the State of Delaware and is subject to the jurisdiction of the Court. The 2007 Trust is a citizen of the State of Delaware and is subject to the jurisdiction of the Court. The 2007 Trustee is a citizen of the State of Delaware and is subject to the jurisdiction of the Court.

9. This Court has diversity jurisdiction of this action, as Phoenix, on the one hand, and the 2006 Trust and Trustee and 2007 Trust and Trustee, on the other hand, are citizens of different states and, as set out more fully below, the amount in controversy exceeds $75,000, exclusive of interest, attorneys' fees, and costs. Therefore, this Court has jurisdiction by virtue of 28 U.S.C. § 1332.

10. This Court has jurisdiction for the declaratory judgment action pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202, which grant the United States District Courts jurisdiction to declare the "rights and other legal relations of any interested party making such declaration, whether or not further relief is or could be sought."

11. Venue is proper for this action, since the 2006 Trust and Trustee and 2007 Trust and Trustee are citizens of Delaware, and the insurance policies at issue are governed by Delaware law.

## FACTUAL BACKGROUND

12. Phoenix is, and during all relevant times has been, in the business of underwriting and issuing policies of life insurance and is authorized to transact the business of insurance in the State of Delaware.

13. As described more fully in the ensuing paragraphs, on three occasions Phoenix received written applications for insurance policies insuring the life of Alan P. Wollman ("Mr. Wollman"). In completing these applications, Mr. Wollman and Defendants provided Phoenix material information regarding, among other things, Mr. Wollman's background, income and net worth. Mr. Wollman and the Defendants knew that they were required to provide complete, accurate and honest answers to the questions presented on the applications. Mr. Wollman and the Defendants also knew that Phoenix would rely upon the answers recorded on the applications in determining whether Mr. Wollman was insurable and qualified for the insurance sought through the applications.

14. On January 6, 2006 the 2006 Trust, by and through its trustee, Wilmington Trust Company, applied in writing to Phoenix seeking the issuance of an insurance policy, insuring the life of Mr. Wollman (the "First Application"). As a result of the First Application and in reliance on the information provided therein, Phoenix issued life insurance policy number 97516097 (the "2006 Policy") to the 2006 Trust, with an effective date of January 26, 2006. The 2006 Policy's death benefit exceeds $75,000.

15. In completing the First Application, Mr. Wollman and the 2006 Trust, through its Trustee, responded to clear, direct questions seeking material information regarding Mr. Wollman's background, income and net worth. The First Application represented that Mr. Wollman was a self employed real estate broker with an earned income of $850,000, no independent income, and a net worth in excess of $11,000,000. Mr. Wollman was represented as a resident of Henderson, Nevada who was born in New York.

16. The First Application contained the following affirmation:

> I have reviewed this application, and the statements made herein are those of the proposed insured and all such statements made by the proposed insured in Part I or and in Part II of this application are full, complete, and true to the best knowledge and belief of the undersigned and have been correctly recorded. * * * Any person who, with intent to defraud or knowing that he/she is facilitating a fraud against an insurer, submits an application or files a claim containing a false or deceptive statement may be guilty of insurance fraud as determined by a court of competent jurisdiction.

Mr. Wollman and the 2006 Trust, through its Trustee, executed the First Application on January 12, 2006.

17. On November 30, 2006, a second written application was submitted to Phoenix seeking the issuance of an additional insurance policy insuring Mr. Wollman's life (the "Second Application"). Like the First Application submitted ten months prior, the Second Application also posed clear, direct questions concerning Mr. Wollman's income and net worth. The Second Application,

however, indicated that Wollman, although having no earned income, had $1,600,000 in other income and, moreover, a net worth of $58,337,200. No policy of insurance was issued in direct response to this application.

18. In January of 2007, the Alan Wollman Insurance Trust (the "Wollman Trust"), by and through its trustee, CFC Trust Co. of Delaware (the "Wollman Trustee"), applied in writing to Phoenix, again seeking the issuance of an additional insurance policy insuring Mr. Wollman's life (the "Third Application"). As a result of the Third Application and in reliance on the information provided therein, Phoenix issued life insurance policy number 97520713 (the "2007 Policy") to the Wollman Trust, with an effective date of February 27, 2007. In July of 2007, the Wollman Trust, through its trustee, requested in writing that the owner and beneficiary of the 2007 Policy be changed from the Wollman Trust to the 2007 Trust. On or about July 24 2007, Phoenix acknowledged the requested change. The 2007 Policy's death benefit exceeds $75,000.

19. In completing the Third Application, Mr. Wollman and the Wollman Trust, through its Trustee, again provided Phoenix material information regarding Mr. Wollman's background, income, and net worth in response to clear, direct questions. The Third Application represented that Mr. Wollman had no earned income, $1,600,000 in other income, and a $58,337,200 net worth. Unlike the First Application, Mr. Wollman is represented to be a retired resident of Los Angeles, California who was also born in California.

20. The Third Application contained the following affirmation:

I have reviewed this application, and the statements made

> herein are those of the proposed insured and all such statements made by the proposed insured in Part I or and in Part II of this application are full, complete, and true to the best knowledge and belief of the undersigned and have been correctly recorded.

The Wollman Trust, through its Trustee, executed the Third Application on January 2, 2007 and Mr. Wollman executed the Third Application on January 29, 2007.

21. As noted above, the Applications requested material information regarding, among other things, Mr. Wollman's background, income and net worth. Mr. Wollman provided responses to each of these queries. The responses were materially incorrect and/or fraudulent.

22. In conjunction with the Third Application, Mr. Wollman and the Wollman Trust, through its Trustee, also represented to Phoenix that, among other things, none of the premiums for the 2007 Policy would be borrowed, that the premiums would be paid through cash and equivalents, that neither Mr. Wollman nor the Wollman Trust had an understanding or agreement for a party, other than the Wollman Trust, to obtain any legal or equitable right, title or interest in the policy or the entity owning the policy, and that neither Mr. Wollman or the Wollman Trust had received cash or other financial inducements in connection with the Third Application or the purchase of the 2007 Policy. This information is materially relevant for underwriting and insurable interest purposes. Phoenix has obtained information that contradicts these representations. Specifically, the funds used to pay premiums on the 2007 Policy were, in fact, borrowed by Mr. Wollman and/or the Wollman Trust. This, coupled with the other misrepresentations

regarding Mr. Wollman's background, income and net worth, calls into question the veracity of the rest of the information given to Phoenix, which Phoenix relied upon in determining that Mr. Wollman was insurable and qualified for the 2007 Policy and ownership of the 2007 Policy by the Wollman Trust was valid and proper.

23. On the basis of the statements and representations on the Applications and in reliance upon Mr. Wollman's and the Defendants' complete candor, honesty and openness in disclosing information in response to the questions presented on the Applications, Phoenix approved the issuance of the 2006 and 2007 Policies. As noted, however, the statements made during the application process with respect to Mr. Wollman's background, income, net worth and source of premiums were materially incorrect or fraudulent. Mr. Wollman and Defendants knew or had reason to know of the falsity of these representations. The misrepresentations were each material to the risk Phoenix assumed. Had Mr. Wollman and the Defendants been truthful when completing the Applications, Phoenix would not have issued the 2006 or 2007 Policies or would have done so on different terms. As a result of the Policies' issuance, Phoenix paid commissions to its sales representatives that it would not have paid, but for the sale.

24. Phoenix has attempted to verify the information on the Applications regarding Mr. Wollman's income, net worth, and background. Phoenix's efforts have been met with resistance and further inconsistencies. Phoenix brings this action seeking rescission of the 2006 and 2007 Policies and an order declaring each void *ab initio*.

**DECLARATORY JUDGMENT**

25. Phoenix incorporates herein by reference each of its allegations contained in Paragraphs 1–24 above.

26. Pursuant to the federal Declaratory Judgment Statute, 28 U.S.C. § 2201, Phoenix seeks a declaratory judgment that the 2006 and 2007 Policies are null, void and rescinded *ab initio* due to the fraudulent and/or material misrepresentations and omissions that Mr. Wollman and Defendants made on the Applications, and that as a result of said rescission, Phoenix may deposit with the Clerk of the Court all premiums paid on the 2006 and 2007 Policies along with required interest, if any. Phoenix also seeks its fees pursuant to the Declaratory Judgment Statute.

**RELIEF REQUESTED**

WHEREFORE, due to the above-referenced fraudulent and/or material misrepresentations, Phoenix demands judgment against the 2006 Trust and Trustee and 2007 Trust and Trustee, as follows:

(a) an order declaring and adjudging the policies of life insurance bearing Policy Numbers 97516097 and 97520713 to be null and void and rescinded, *ab initio*;

(b) an order that Phoenix deposit with the Clerk of the Court all premiums paid on the 2006 and 2007 Policies along with required interest, if any; and

(c) an order that the Clerk of the Court pay to Phoenix from the premiums deposited an amount equal to the commissions paid by Phoenix to the agents or

sale representatives arising out of or relating to the sale of the Policies; and

(d) an order awarding cost of suit and reasonable attorneys' fees pursuant to the Federal Declaratory Judgment Statute and such other relief as the Court deems equitable and just to Phoenix.

ASHBY & GEDDES

Richard D. Heins (#3000)
Tiffany Geyer Lydon (#3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888 (Telephone)
(302) 654-2067 (Facsimile)
rheins@ashby-geddes
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*PHL Variable Insurance Company*

*Of Counsel:*

David T. McDowell
Thomas F.A. Hetherington
Jarrett E. Ganer
BRACEWELL & GIULIANI LLP
South Tower Pennzoil Place
711 Louisiana, Suite 2300
Houston, Texas 77002
(713) 223-2300 (Telephone)
(713) 221-1212 (Facsimile)

Dated: January 25, 2008

187611.1

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

PHL VARIABLE INSURANCE COMPANY

**DEFENDANTS** ALAN WOLLMAN INSURANCE TRUST, ALAN WOLLMAN AND FAMILY, DECEMBER 2005, and its trustee, WILMINGTON TRUST COMPANY, and ALAN P. WOLLMAN IRREVOCABLE LIFE INSURANCE TRUST, and its trustee, JEFFREY M. BOYER

(b) County of Residence of First Listed Plaintiff ____________
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed ____________
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Richard D. Heins
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801 (302) 654-1888

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury— Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.) 28 U.S.C. §1332, 28 U.S.C. §§2201, 2202 -- Action to declare life insurance policies null and void and rescinded, ab initio due to fraudulent and/or material misrepresentations.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** CHECK YES only if demanded in complaint: **JURY DEMAND:** ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ____________ DOCKET NUMBER ____________

DATE January 25, 2008 SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 08 - 53

## ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF 2 COPIES OF AO FORM 85.

1/25/08
(Date forms issued)

X [signature]
(Signature of Party or their Representative)

X Matthew D Gordon
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action