IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHL VARIABLE INSURANCE COMPANY,<br><br>Plaintiff<br><br>v.<br><br>ALAN WOLLMAN INSURANCE TRUST,<br>ALAN WOLLMAN AND FAMILY,<br>DECEMBER 2005, and its trustee,<br>WILMINGTON TRUST COMPANY, and<br>ALAN P. WOLLMAN IRREVOCABLE LIFE<br>INSURANCE TRUST, and its trustee,<br>JEFFREY M. BOYER,<br><br>Defendants. | C.A. NO.: 08-53-JJF |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

Defendants Alan Wollman Insurance Trust, Alan Wollman and Family, December 2005 ("Wollman Trust") and Wilmington Trust Company, as Trustee ("Wilmington Trust" and collectively with the Wollman Trust, the "Defendants") respectfully submit this Answer to the plaintiff's complaint for declaratory judgment ("Complaint"). Unless specifically admitted, the Defendants deny each and every allegation in the Complaint. With respect to the enumerated allegations, the Defendants admit, deny, and allege as follows:

### THE PARTIES

1. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint, and therefore deny the allegations.

2. The Defendants admit the allegations set forth in Paragraph 2 of the Complaint.

3. The Defendants admit the allegations set forth in Paragraph 3 of the Complaint.

4. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint, and therefore deny the allegations.

5. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint, and therefore deny the allegations.

## JURISDICTION AND VENUE

6. Paragraph 6 of the Complaint contains legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

7. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint, and therefore deny the allegations.

8. The Defendants admit that the Wollman Trust and Wilmington Trust are citizens of the State of Delaware. The Defendants are without knowledge or information sufficient to form a belief as to the truth of, and therefore deny, the remaining allegations set forth in Paragraph 8 of the Complaint.

9. The Defendants admit that the Court has subject matter jurisdiction over this matter. The Defendants are without knowledge or information sufficient to form a belief as to the truth of, and therefore deny, the remaining allegations set forth in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint contains legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

11. The Defendants admit that venue is proper. The Defendants are without knowledge or information sufficient to form a belief as to the truth of, and therefore deny, the remaining allegations set forth in Paragraph 11 of the Complaint.

## FACTUAL BACKGROUND

12. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint, and therefore deny the allegations.

13. The Defendants admit that there exists an application for life insurance, dated on or about January 6, 2006, the contents of which speaks for itself. The remainder of Paragraph 13 of the Complaint consists exclusively of legal conclusions as to which no response is required; to the extent any response is required, the Defendants deny the allegations set forth in the remainder of Paragraph 13 of the Complaint.

14. The Defendants admit that there exists an application for life insurance, dated on or about January 6, 2006, the contents of which speaks for itself. The Defendants admit that plaintiff issued a life insurance policy to the Wollman Trust, policy number 97516094, with death benefits that exceeded $75,000. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 14 of the Complaint, and so deny the remaining allegations.

15. The Defendants state that the referenced document speaks for itself, and that no further response is required.

16. The Defendants state that the referenced document speaks for itself, and that no further response is required.

SL1 800151v1/103390.00001

17. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint, and therefore deny the allegations.

18. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint, and therefore deny the allegations.

19. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint, and therefore deny the allegations.

20. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint, and therefore deny the allegations.

21. With respect to the first sentence of Paragraph 21 of the Complaint, the Defendants state that there exists an application for life insurance, dated on or about January 6, 2006, the contents of which speaks for itself. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of Paragraph 21 of the Complaint, and so deny the remaining allegations set forth in the first sentence. The Defendants deny each and every other allegation in Paragraph 21 of the Complaint.

22. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint, and therefore deny the allegations.

SL1 800151v1/103390.00001

23. With respect to the first sentence of Paragraph 23 of the Complaint, the Defendants are without information sufficient to form a belief as to the truth of, and therefore deny, the allegations. With respect to the second, third, and fourth sentences of Paragraph 23 of the Complaint, the Defendants deny the allegations as to the application for life insurance, dated on or about January 6, 2006. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the second, third, and fourth sentences of Paragraph 23 of the Complaint, and so deny the remaining allegations set forth in the second, third, and fourth sentences. The Defendants are without information sufficient to form a belief as to the truth of, and therefore deny, each and every other allegation in Paragraph 23 of the Complaint.

24. The Defendants admit that plaintiff purports to bring this action seeking rescission of two life insurance policies and an order declaring each void *ab initio*. The Defendants deny each and every other allegation in Paragraph 24 of the Complaint.

## DECLARATORY JUDGMENT

25. The Defendants restate and incorporate by reference the responses set forth above in Paragraphs 1 through 24.

26. The Defendants admit that plaintiff purports to bring this action seeking rescission of two life insurance policies and an order declaring each void *ab initio*. The Defendants deny that plaintiff is entitled to such declaratory judgment, or to any other relief, whether at law, in equity, or under any theory whatever, as to the Defendants. The Defendants specifically deny that plaintiff is entitled to recover its attorneys' fees in this action, whether pursuant to the Declaratory Judgment Act or under any other legal theory.

## RELIEF REQUESTED

The Defendants deny each and every allegation of the Complaint not specifically admitted, including those portions of the Complaint requesting relief. The Defendants specifically deny that plaintiff is entitled to compensatory damages, specific performance, punitive damages, declaratory judgment, restitution, injunctive relief, attorneys' fees, costs, or any other relief of any kind whatever.

## AFFIRMATIVE DEFENSES

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff's purported causes of action, and each of them, fail to state facts sufficient to constitute a cause of action as to the Defendants.

3. Through its actions and inaction with regard to the matters alleged in the Complaint, plaintiff is estopped from asserting its affirmative claims and any and all claims it might otherwise have against the Defendants.

4. Plaintiff's purported causes of action, and each of them, are barred by reason of plaintiff's laches in pursuing these claims.

5. The injuries, damages, and/or expenses alleged in the Complaint, none being admitted, were the direct and proximate result of the acts, omissions, negligence, fault and/or breach of duty of plaintiff.

6. The injuries, damages, and/or expenses alleged in the Complaint, none being admitted, were caused solely by the superseding, intervening acts and conduct of the plaintiff, which intervened between the alleged acts and conduct of the Defendants and the claimed damages or liability, barring recovery or liability in whole or in part.

7.  Plaintiff's purported causes of action, and each of them, are barred because plaintiff's damages, if any, were caused, in whole or in part, by the conduct, fault and/or negligence of persons or entities other than the Defendants, including, without limitation, plaintiff and/or persons acting on plaintiff's behalf.

8.  Plaintiff's purported causes of action, and each of them, are barred by the equitable doctrine of unclean hands.

9.  Plaintiff's purported causes of action, and each of them, are barred, in whole or in part, by the defense of accord and satisfaction.

10. Plaintiff's purported causes of action, and each of them, are barred, in whole or in part, by plaintiff's express or implied consent to any and all alleged conduct by the Defendants.

11. Plaintiff's claims are barred by applicable statutes of limitations or incontestability.

12. Plaintiff's claims are barred by the doctrine of waiver.

13. Plaintiff's claims, in whole or in part, are subject to binding arbitration.

14. The Defendants reserve the right to assert any and all affirmative defenses that may develop during the course of this matter, via discovery or otherwise.

WHEREFORE, the Defendants respectfully requests that plaintiff's Complaint be dismissed with prejudice, and that the Defendants be granted their attorneys' fees, costs, expert witness fees, and any appropriate legal and equitable relief to which they may be entitled.

Dated: March 4, 2008                          STEVENS & LEE, P.C.


By: _____
Joseph Grey (#2358)
1105 North Market Street
Seventh Floor
Wilmington, DE 19801
(302) 654-6180 (Telephone)
(302) 654-5181 (Facsimile)
jg@stevenslee.com

*Attorneys for the Alan Wollman Insurance Trust, Alan Wollman and Family, December 2005, and Wilmington Trust Company as Trustee*

*Of Counsel:*

Brian P. Brooks
Kyra A. Grundeman
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
(202) 383-5300 (Telephone)
(202) 383-5414 (Facsimile)

## CERTIFICATE OF SERVICE

I, Joseph Grey, hereby certify that, on this 4th day of March, 2008, I caused true and correct copies of the foregoing Answer to be served by first class United States mail, postage prepaid and addressed as follows:

| | |
|---|---|
| The Alan P. Wollman Irrevocable Life Insurance Trust<br>c/o Jeffrey M. Boyer, Esquire<br>42 Reads Way, Suite 112<br>New Castle, DE 19720 | Richard D. Heins, Esquire<br>Tiffany Geyer Lydon, Esquire<br>ASHBY & GEDDES<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899 |
| Jeffrey M. Boyer, Esquire<br>42 Reads Way, Suite 112<br>New Castle, DE 19720 | David T. McDowell, Esquire<br>Thomas F.A. Heatherington, Esquire<br>Jarrett E. Ganer, Esquire<br>BRACEWELL & GIULIANI LLP<br>South Tower Pennzoil Place<br>711 Louisiana, Suite 2300<br>Houston, Texas 77002 |
| Michael B. Wolk, Esquire<br>Life Spring Brokerage, LLC<br>90 Park Avenue<br>Suite 1600<br>New York, NY 10016 | |

_____
Joseph Grey