IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHL VARIABLE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> ALAN WOLLMAN INSURANCE TRUST, ALAN WOLLMAN AND FAMILY, DECEMBER 2005, and its trustee, WILMINGTON TRUST COMPANY, and ALAN P. WOLLMAN IRREVOCABLE LIFE INSURANCE TRUST, and its trustee, JEFFREY M. BOYER, <br><br> Defendants. | : <br> : <br> : <br> : <br> : C.A. NO.: 08-53-JJF <br> : <br> : TRIAL BY JURY OF 12 DEMANDED <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## ANSWER OF ALAN P. WOLLMAN IRREVOCABLE LIFE INSURANCE TRUST

Defendant, ALAN P. WOLLMAN IRREVOCABLE LIFE INSURANCE TRUST (the "Trust"), by and through its undersigned attorneys, as and for its Answer to the Complaint of Plaintiff PHL VARIABLE INSURANCE COMPANY ("Complaint"), alleges:

### THE PARTIES

1. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3 of the Complaint.

    4.    Denies the allegations of paragraph 4 of the Complaint, except admits that the Trust is sited in Delaware and may be served through its Trustee. The Trust states that its Trustee is no longer Jeffrey M. Boyer, who has been replaced as trustee of the Trust by Jonathan S. Berck, whose place of business is 501 Silverside Road, Suite 105, Wilmington, DE, 19809. The Trust further states that it will cooperate in the substitution of Mr. Berck for Mr. Boyer as the appropriate Trustee defendant herein.

    5.    For the reasons stated in the preceding paragraph, the Trust denies the allegations of paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

    6.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Complaint.

    7.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 of the Complaint.

    8.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 of the Complaint, except admits that the Trust is sited in Delaware.

    9.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9 of the Complaint.

    10.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10 of the Complaint only to the extent it states anything other than a legal conclusion to which no response is required.

11. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 of the Complaint, except admits that the Trust is sited in Delaware and refer the court to the documents averred for their contents.

## FACTUAL BACKGROUND

12. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 of the Complaint, except admits that the beneficiary of the life insurance policy issued by Phoenix numbered 97520713 (the "2007 Policy") was changed to the Alan P. Wollman Irrevocable Life Insurance Trust ("the "2007 Trust") and the 2007 Policy's death benefits exceeds $75,000, and refers the Court to the averred document for its contents.

19. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19 of the Complaint, except refers the Court to the averred document for its contents.

20. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20 of the Complaint, except refers the Court to the averred document for its contents.

21. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21 of the Complaint, except refers the Court to the averred document for its contents.

22. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22 of the Complaint, except refers the Court to the averred document for its contents.

23. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23 of the Complaint, except denies that the Trust knew or had reason to know of the truth or falsity of the alleged representations.

24. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24 of the Complaint.

**DECLARATORY JUDGMENT**

25. The Trust repeats and realleges each and every allegation set forth in the preceding paragraphs of this Answer.

26. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26 of the Complaint, except denies that the Trust made

fraudulent and/or material misrepresentations and omissions as alleged and denies Plaintiff's entitlement to the requested relief.

### FIRST AFFIRMATIVE DEFENSE

27.  The complaint fails to state a cause of action.

### SECOND AFFIRMATIVE DEFENSE

28.  Plaintiff has not suffered any damages attributable to the actions of the Trust.

### THIRD AFFIRMATIVE DEFENSE

29.  Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel and laches.

### FOURTH AFFIRMATIVE DEFENSE

30.  Plaintiff has failed to join one or more indispensable parties.

WHEREFORE, defendant demands judgment dismissing the Complaint, awarding it reasonable attorneys' fees, costs, and disbursements, and granting it such other further relief as the Court may deem just, proper and equitable.

### JURY DEMAND

Defendant Trust, pursuant to Federal Rule of Civil Procedure 38, demands trial by jury of 12 of any and all claims or issues so triable.

| | |
|---|---|
| Date:   March 5, 2008 | SMITH, KATZENSTEIN & FURLOW LLP |
| | |
| | /s/ Robert J. Katzenstein |
| | Robert J. Katzenstein (ID No. 378) |
| | 800 Delaware Avenue, 10th Floor |
| | P.O. Box 410 |
| | Wilmington, DE  19899 |
| OF COUNSEL: | 302-652-8400 - phone |
| Peter Jakab | 302-652-8405 - fax |
| FEIN & JAKAB | rjk@skfdelaware.com - e-mail |
| The Woolworth Building | |
| 233 Broadway, Suite 930 | Attorneys for Defendant, Alan P. Wollman |
| New York, NY 10279 | Irrevocable Life Insurance Trust |
| 212/732-9290 -  phone | |
| 212/227-6479 - fax | |
| pjakab@earthlink.net – e-mail | |