IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PHL VARIABLE INSURANCE　　　　　　:
COMPANY,　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
　　　　Plaintiff,　　　　　　　　:
　　　　　　　　　　　　　　　　　:
　　v.　　　　　　　　　　　　　　: CIVIL ACTION NO. 08-53-JJF
　　　　　　　　　　　　　　　　　:
ALAN WOLLMAN INSURANCE TRUST,　　:
ALAN WOLLMAN AND FAMILY,　　　　　:
DECEMBER 2005, and its　　　　　　:
trustee, WILMINGTON TRUST　　　　 :
COMPANY,　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
　　　　Defendants,　　　　　　　 :

## MEMORANDUM ORDER

Pending before the Court are three motions: (1) a Motion To Compel Further Discovery Responses From Allan Wollman (D.I. 26) filed by Defendants; (2) a Motion To Quash Subpoena (D.I. 28) filed by Alan P. Wollman, and (3) a Motion For Leave To File Surreply To Opposition Of Defendants To Motion To Quash. (D.I. 33) filed by Alan P. Wollman. For the reasons discussed, the Court will grant Defendant's Motion and deny Wollman's Motions.

## I. DISCUSSION

By their Motion to Compel, Defendants request the Court to order a non-party, Alan P. Wollman ("Wollman"), to respond fully to the discovery that his been propounded in this matter. In response, Wollman filed the pending Motion To Quash contending that pursuant to Fed. R. Civ. P. 45(b)(2) the subpoena should have been issued by the United States District Court for the District of Nevada, because Wollman is a resident of Nevada and

the relevant documents are located in Nevada. Defendants contend that Wollman waived his right to object to the subpoena by responding to some requests in the subpoena, promising to reply to others, and by waiting four months from the compliance deadline of the subpoena to move to quash.

Under Fed. R. Civ. P. 45(c)(3)(A) a motion to quash a subpoena must be "timely." Although Rule 45 does not set specific time limits, courts generally require a motion to quash to be made in the 14 days required to object to a subpoena under Fed. R. Civ. P. 45(c)(3)(B), or by the close of the compliance period listed in the subpoena, if the period is of a reasonable duration. See W. Coast Life Ins. Co. v. Life Brokerage Partners, LLC, Misc. No. 09-126-SLR, 2010 U.S. Dist. LEXIS 3774, *4-5 (D. Del. Jan. 19, 2010); Ace Hardware Corp. v. Celebration Ace Hardware, LLC, Misc. No. 09-109-SLR, 2009 U.S. Dist. LEXIS 94721, *3-5 (D. Del. Oct. 8, 2009).

In this case, Wollman responded to many of the document requests contained in the subpoena and did not move to quash the subpoena until more than four months after the subpoena's compliance deadline. In these circumstances, the Court concludes that Wollman has waived his right to object to the subpoena. Accordingly, the Court will grant Defendants' Motion To Compel and deny Wollman's Motion To Quash. In addition, the Court will deny Wollman's Motion To File A Surreply for failure to comply

with D. Del. L.R. 7.1.1, and because the proposed Surreply contains arguments repetitive of those contained in his Motion To Quash or which could have been raised in his Motion To Quash in violation of D. Del. L.R. 7.1.3(c)(2).

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. The Motion To Quash Subpoena filed by Alan P. Wollman (D.I. 28) is **DENIED**;

2. The Motion For Leave To File Surreply To Opposition Of Defendants' Motion To Quash (D.I. 33) filed by Alan P. Wollman is **DENIED**.

3. Defendants' Motion To Compel Further Discovery Responses From Alan Wollman (D.I. 26) is **GRANTED**. Wollman is ordered to produce, within **fifteen (15) days** of the date of this Order, all documents in his possession, custody or control (including any documents in the possession of the Simba Group over which Wollman has a legal right to obtain through a signed authorization) which are fully responsive to the subpoena served on Mr. Wollman. The Court further clarifies, at Defendants' request, that this directive is not satisfied by the production of a Statement of Assets in response to document requests 3, 4 and 22, but includes all responsive documents, including but not limited to, those used to create the Statement of Assets.

July 16, 2010
DATE

Joseph J. Farnan, Jr.
UNITED STATES DISTRICT JUDGE

3